David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

_____

Gaukhar Yessergepova,

        Plaintiff,

   - against -

Trendly, Inc a/k/a Rebag,.

        Defendant.

_____

Case No.

**Complaint**

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.   Introduction**

1. This is an action for unpaid overtime under the Fair Labor Standards Act. Plaintiff also seeks relief under the New York Labor Law. In the alternative, Plaintiff seeks to compel arbitration of her claims.

**II.  Parties**

2. Plaintiff Gaukhar Yessergepova ("Plaintiff") is a natural person. Plaintiff is a citizen, resident, and domiciliary of the State of New Jersey. Plaintiff resides in Union City, New Jersey.

3. Defendant Trendly, Inc. a/k/a Rebag (the "Employer" or "Defendant") is a Delaware corporation with a principle place of business in the State of New York, County of New York.

**III.     Venue and Jurisdiction**

4.     The Court has subject matter jurisdiction over this matter in that Claimant seeks relief under the Fair Labor Standards Act and the remaining claims are part of the same case or controversy.

5.     The Court has personal jurisdiction over the Employer in that this matter arises from the Employer's activities in New York, specifically its operation of a business in New York.

6.     Venue is appropriate in that this matter in the Southern District in that this matter arises from the Defendant's operations in New York, New York.

**IV.     Background**

7.     At all times relevant to this complaint, the Employer operated a chain of secondhand handbag stores.  The Employer operates 4 such stores in New York; 3 such stores in California; and 2 such stores in Florida.

8.     Plaintiff was employed as a saleslady by the Employer for approximately 2 years and 2 months until her separation from employment in or about December of 2019.

9.     Until the last 6 months of her employment, Plaintiff was misclassified as an independent contractor even though she was subject to the Employer's direction and control and treated essentially like a typical retail salesperson who is paid as a statutory employee.

10.     From approximately April 20, 2018 until June 15, 2018, Plaintiff worked in excess of 40 hours per week but was not paid overtime premiums.

11.     Indeed, her contract for that time period stated as follows:

    - Schedule: 50 hours per week (Monday through Sunday, exact schedule to be defined weekly)

    - Hours: TBD but likely 10 hours per day, 5 days per week (e.g. 8am-6pm, 9am-7pm, 10am-8pm, 10.30am-8.30pm)

    - Monthly Compensation of $4,400 (pro-rated for any partial month) and up to $800 per month based on performance (individual and team goals to be agreed with management)

12. The Employer adhered to these terms of employment during such time period and therefore deprived Plaintiff of overtime premiums.

13. Moreover, the Employer failed to provide the required initial wage notification pursuant to the Wage Theft Prevention Act nor did it provide paystubs which met the requirements of the same Wage Theft Prevention Act.

14. The Employer subsequently reclassified Plaintiff as a traditional W-2 employee. At that time the Employer and the Plaintiff executed an agreement which contained a broad arbitration clause requiring JAMS arbitration of disputes including those arising from the time period when Plaintiff had been misclassified.

15. The arbitration clause also required that any such dispute "first be settled through good faith negotiation."

16. Accordingly, starting on March 31, 2020, through counsel, Plaintiff repeatedly contacted the Employer in a good faith attempt to negotiate settlement of her claims. All of these overtures were ignored.

17. Thus, on April 22, 2020 submitted a demand for arbitration to JAMS.

18. The demand for arbitration was formally served on the Employer and in addition JAMS itself contacted the Employer regarding arbitration.

19. All of these efforts were ignored by the Employer.

20. Since the JAMS rules require that the Employer pay various arbitration fees, and since the Employer has not cooperated, the Employer's failure to cooperate has frustrated Plaintiff's good faith attempts to initiate arbitration.

**V.     Causes of Action and Demand for Relief**

<u>Count One: Violation of the Fair Labor Standards Act</u>

21. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

22. Based on the fact that it operates 9 retail stores across the United States in neighborhoods like Soho, Beverly Hills, and Midtown, the Employer's annual revenue is surely far in excess the FLSA threshold of $500,000 per year. Indeed, during the time period for which Plaintiff is claiming overtime, the Employer operated two retail stores in Manhattan. The revenue required to support payroll and rent simultaneously for retail stores in Soho and Madison Avenue was far in excess of $500,000 per year.

23. Moreover, the Employer operates an ecommerce web site which allows customers to buy and sell handbags using the internet. Further, a large percentage of the handbags at issue were made in Europe or Asia.

24. Thus, it is certain that far more than 2 of the Employer's employees regularly handle goods which have crossed state lines and/or regularly make use of instrumentalities of interstate commerce, such as the internet.

25. Accordingly, Plaintiff's employment was subject to the Fair Labor Standards Act.

26. The Employer violated the Fair Labor Standards Act by failing to pay overtime premiums to Plaintiff.

## Count Two:  Violation of the Labor Law

27. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

28. The Employer's failure to pay overtime premiums and failure to provide proper notification under the Wage Theft Prevention Act is a violation of the New York Labor Law.

## Count Three:  Federal Arbitration Act

29. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

30. The Employer's obligation to arbitrate is enforceable under the Federal Arbitration Act.  Accordingly, in the event that the Employer attempts to appear and answer in this matter, it should be compelled to cooperate with arbitration.

WHEREFORE  Plaintiff demands judgment against the Defendant for lost wages, liquidated damages, and interest in an amount not more than $50,000 which includes attorneys fees and costs, and such other and further relief that the Court deems just. Further, in the event that the Defendant appears and defends in this matter, Plaintiff requests that Defendant be ordered to arbitrate this matter and that this matter be stayed pending such arbitration.

Respectfully submitted,

/s/ David Abrams

David Abrams
 Attorney for Plaintiff
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821

May 28, 2020
New York, New York